1  CECILY A. WATERMAN, State Bar No. 63502
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Tel:  415.442.1000
   Fax:  415.442.1001
4  E-mail: cwaterman@morganlewis.com

5  ALEXANDER NESTOR, State Bar No. 202795
   MORGAN, LEWIS & BOCKIUS LLP
6  2 Palo Alto Square
   3000 El Camino Real, Suite 700
7  Palo Alto, CA  94306-2212
   Tel:  650.843.4000
8  Fax:  650.843.4001
   E-mail: anestor@morganlewis.com

9

   Attorneys for Defendant
10 BOSTON SCIENTIFIC CORPORATION

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 JOSELITO P. PILLOS,                    Case No.  C05   03323   RS

                   Plaintiff,            NOTICE OF REMOVAL OF ACTION
16
          vs.                            28 U.S.C. § 1441(b) (DIVERSITY)
17
   BOSTON SCIENTIFIC CORPORATION,
18 and DOES 1 through 20, inclusive,

19                 Defendants.

20

21      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22      PLEASE TAKE NOTICE THAT Defendant Boston Scientific Corporation (hereinafter

23 "Defendant") submits this Notice of Removal and, pursuant to 28 U.S.C. section 1441(b), hereby

24 removes this action.  In support of this removal, Defendant states as follows:

25      1.      On June 24, 2005, the Complaint was filed in the Superior Court of the State of

26 California, County of Santa Clara.  A true and correct copy of the Complaint served on Defendant

27 is attached hereto as Exhibit A.  Service of the Complaint upon Defendant was effectuated on

28 July 18, 2005, the date Defendant was served with a Summons and a copy of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553200.1                          1

                              NOTICE OF REMOVAL

1  True and correct copies of the Summons and the Notice of Service of Process are attached hereto

2  as Exhibit B.

3       2.     On August 15, 2005, Defendant filed an Answer to the Complaint in the Superior

4  Court of California, County of Santa Clara, a true and correct copy of which is attached hereto as

5  Exhibit C.

6       3.     Pursuant to 28 U.S.C. section 1441(b), any civil action over which the district

7  courts of the United States have original jurisdiction may be removed from state to federal court.

8       4.     This Court has original jurisdiction under 28 U.S.C. section 1332(a) due to

9  diversity of citizenship and amount in controversy:

10       a.     Complete diversity between the parties exists. Plaintiff Joselito P. Pillos, at

11  the time this action commenced, was and still is a resident of San Mateo County, California.

12  (Compl., ¶ 2.)

13       b.     Defendant Boston Scientific Corporation, at the time this action

14  commenced, was and still is incorporated in the State of Delaware, with its principal place of

15  business in Natick, Massachusetts.

16       c.     The inclusion of "Doe" defendants in Plaintiff's state court Complaint has

17  no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998);

18  28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued

19  under fictitious names shall be disregarded). In determining whether diversity of citizenship

20  exists, only the named defendants are considered. *Id.*

21       d.     The amount in controversy exceeds the sum or value of $75,000, exclusive

22  of interest and costs, in that Plaintiff alleges and seeks to recover several categories of damages

23  including general and special damages, punitive damages, attorney's fees, costs of suit, and other

24  relief the Court deems just and proper. In particular, Plaintiff seeks to recover loss of wages,

25  salary benefits, compensation for future employment opportunities, and compensation for

26  humiliation, mental anguish, emotional and physical distress, and injury to mind and body.

27  (Compl., ¶¶ 14, 15, 22; Prayer for Damages, ¶¶ 1, 2, 5). While Defendant denies Plaintiff's

28  allegations, statistics published by the Bureau of Justice Statistics indicate that median jury

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553200.1

2

NOTICE OF REMOVAL

1   awards in civil rights cases (such as Plaintiff's) amounted to $155,500.  (Declaration of

2   Alexander Nestor, attached hereto as Exhibit D, see ¶ 2, Exh. 1 at pg. 2.)  These statistics and

3   damages alleged in the Complaint confirm that the amount in controversy exceeds $75,000,

4   exclusive of interests and costs.

5        5.      This Notice of Removal is timely filed, pursuant to 28 U.S. section 1446, in that it

6   is filed within thirty (30) days from July 18, 2005, the date upon which service of the Complaint

7   was effectuated.  No previous Notice of Removal has been filed or made with this court for the

8   relief sought herein.

9

Dated: August 15, 2005                          MORGAN, LEWIS & BOCKIUS LLP

10

11

12                                              By _____

13                                                  Alexander Nestor
                                                    Attorneys for Defendant
14                                                  BOSTON SCIENTIFIC CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553200.1                              3

NOTICE OF REMOVAL

# EXHIBIT A

1-01-1995 9:11AM      FR...                                                    P. 4

1  ROBERT G. JACKSON, ESQ. SB#173217
   HOWARD, LYTLE, MAH & JACKSON
2  2171 Junipero Serra Blvd., Suite 410
   Daly City, CA  94014
3  Telephone:  650.992.3200
   Facsimile:  650.994.8193
4

5  Attorney for Plaintiff
   JOSELITO P. PILLOS
6

ENDORSED

2005 JUN 24  P 2: 09

Clark Sakai

7

8

9

10              SUPERIOR COURT OF CALIFORNIA

11                COUNTY OF SANTA CLARA

12               UNLIMITED JURISDICTION

13

14  JOSELITO P. PILLOS,          ) Case No.:   105CV043845
                                 )
15                               ) COMPLAINT FOR DAMAGES FOR
            Plaintiff,           ) EMPLOYMENT DISCRMINATION BASED
16                               ) ON AGE AND TORTIOUS DISCHARGE
       vs.                       ) IN VIOLATION OF PUBLIC POLICY
17                               )
   BOSTON SCIENTIFIC CORPORATION,) JURY TRIAL DEMANDED
18  and DOES 1 through 20,       )
    inclusive,                   )
19                               )
                                 )
20          Defendants.          )
   _____)
21

22      Plaintiff alleges:

23      1.   BOSTON SCIENTIFIC CORPORATION ("BSC") is, and at all

24  times mentioned herein was, a corporation organized and existing

25  under the laws of the State of California doing business in

26  Santa Clara County where plaintiff was employed.

27      2.   Plaintiff is a resident of San Mateo County.
    Plaintiff was born on August 10, 1950.
28

COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED ON AGE ... ... ... 1

3.   Plaintiff is ignorant of the true names or capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will pray leave of this court to amend this complaint to allege the true names and capacities when ascertained.

4.   Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

5.   On March 7, 2005, plaintiff filed a charge of discrimination based upon his age at the time of termination with the California Department of Fair Employment and Housing (DEFH).  The DEFH issued a right to sue letter immediately on March 7, 2005.

6.   Plaintiff was hired by defendant as an assembler on August 19, 1996.  Plaintiff built medical devices including catheters for use in treating heart conditions in patients. These catheters are inserted into the patient's veins and arteries.

7.   Over a period of several years up to his termination, plaintiff alerted his supervisor Sam Alam ("Alam") as to the defective or dangerous nature of component parts and methods used in the manufacture of these catheters.  These reports included such defects or methods involving the use of defective rings or handles in the manufacture of the catheters, in violation of standard procedures and government regulations.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED ON AGE ... ... ... 2

8.   To these several reports, notices and alerts from plaintiff, Alam responded with orders that plaintiff not instruct or direct him as to his supervision or management of the assembly of catheters.

9.   Supervisor Alam often spoke to plaintiff as well as to other BSC employees, about improving profits for the company-indicating his intent to do so by removing older employees who were a hindrance to this objective.

10.   In addition to higher profits, Alam stressed numbers and quantity of production over the quality and the safety of the catheters produced under his supervision.  In so doing, Alam often reprimanded and berated plaintiff for taking the necessary time to clean the equipment or the facilities necessary to their assembly.

11.   About August 5, 2004, plaintiff was terminated from his employment.  The reason given to him was that he had threatened a supervisor.  Plaintiff was told that there was a witness to his alleged threat.  There has never been a specific indication as to what plaintiff was alleged to have said. Plaintiff protested his termination and asked to know the identity of witness.  Plaintiff's request was refused and the termination was carried out.

## FIRST CAUSE OF ACTION

### Age Discrimination in Violation of the FEHA, Government Code Section 12941

12.   Plaintiff hereby incorporates by reference Paragraphs 1 through 11.

13.   Supervisor Alam's intention and practice to remove older employees who are a hindrance to his production quotas caused plaintiff to be terminated and denied the continued employment and opportunities that he needed and desired.  This policy or practice had a disparate impact upon plaintiff and

other persons of his age, in that it causes persons of
plaintiff's age group to be demonstrably disadvantaged relative
to younger BSC employees, in the following manner:  Alam's
enforcement of rigid production quotas, to suit his own goals or
objectives, subjected older BSC employees to a disadvantage-both
in the added burden of high quota productions and in the
favoritism given to younger employees under his supervision.

14.  Alam and Defendant BSC's discriminatory actions
against plaintiff, as alleged above, constituted unlawful
discrimination in employment on account of age, in violation of
Government Code Sections 12940(a) and 12941.  As a proximate
result of these discriminatory actions against plaintiff, as
alleged above, plaintiff has been harmed in that plaintiff has
suffered the loss of the wages, salary, benefits, and additional
amounts of money that he would have received if defendant and
Alam had not been in the practice of terminating employees of
plaintiff's older age group and/or subjecting them to rigid
production quotas and standards.  As a result of such
discrimination and consequent harm, plaintiff has suffered such
damages in an amount according to proof.

15.  As a further proximate result of defendant's
discriminatory actions against plaintiff as alleged above,
plaintiff has been harmed in that he has suffered humiliation,
mental anguish and emotional and physical distress, and has been
injured in mind and body, including continuing psychiatric and
emotional problems.  As a result of such discrimination and
consequent harm, plaintiff has suffered such damages in an
amount according to proof.

16.  The above-recited actions of defendant and Alam were
done with malice, fraud or oppression, and in reckless disregard
of plaintiff's rights under the Fair Employment and Housing Act
(FEHA).  Specifically, Alam evidenced repeatedly to plaintiff

his disregard for the rights of older employees, as protected under the FEHA, as evidenced in his intent to remove them from employment with BSC, in holding them to rigid production quotas, in stressing quantity over quality and safety in the production of the catheters, and in disregard for their expressed concerns on human health and safety.

### SECOND CAUSE OF ACTION
### Violation of Public Policy

17.  Plaintiff hereby incorporates by reference Paragraphs 1 through 16.

18.  The day preceding his termination, plaintiff had noticed an improper manufacturing process.  Plaintiff observed that some of the catheters were made incorrectly.  Plaintiff indicated to his supervisor that there was a problem that needed to be rectified.  Plaintiff's report of the problem was met with hostility and plaintiff was forced to continue the improper manufacturing of catheters.

19.  Previously, plaintiff had noticed other problems regarding the assembly of the catheters.  Plaintiff's supervisors had consistently rejected his attempts to rectify the problems with the catheters.  Further, plaintiff's supervisors emphasized that production quotas had to be met even if the quality of the product was compromised.

20.  The actions that defendant took in terminating plaintiff violated his rights under the California Fair Employment and Housing Act, Government Code §12940, 12941, and California Labor Code §1102.5 and 6310.

21.  The knowledge of defendant BSC is based upon the knowledge of supervisor who terminated plaintiff due to their capacity of a managing agent or supervisory employee of defendant BSC.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED ON AGE ... ... ... 5

22.  As a proximate result of defendant's conduct, plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, all to his damage in an amount to be established at trial.

23.  In doing the acts set forth above, defendants knew that the conduct that they would have required plaintiff was unlawful, and required plaintiff to choose between violating the law and losing his job.  This oppressive conduct was committed by a supervisor, a managing agent of the defendant.  Defendant's conduct warrants the assessment of punitive damages.

24.  Defendant BSC authorized or ratified the conduct of Alam by retaining him after hearing of his conduct toward plaintiff and failing and refusing to discipline or reprimand him.  The authorization and ratification were by Bennet Javier and Tony Pinon.

WHEREFORE plaintiff prays judgment against defendants, and each of them, as follows:

1.  For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;

2.  For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

3.  For interest on lost earnings and benefits at the prevailing legal rate from August 6, 2004.

4.  For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct.

5.  For reasonable attorney's fees incurred by plaintiff in obtaining the benefits due him under the employment contract with defendant.

COMPLAINT R   EMPLOYMENT DISCRIMINATION BASED ON A   ... ... ... 6

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED ON AGE ... ... ... 7

# EXHIBIT B

1-01-1995 9:11AM    FROM                                                                    P. 3

**SUMMONS**                                                              **SUM-100**
*(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
Boston Scientific Corporation and
DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Joselito P. Pillos

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>Civil - Unlimited Jurisdiction<br>191 N. First Street<br>San Jose, CA  95113-1090 | CASE NUMBER:<br>*(Número del Caso):*<br>**105CV043845** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT G. JACKSON                        HOWARD, LYTLE, MAH & JACKSON
2171 Junipero Serra Blvd., Suite 410     Daly City, CA  94014
650.992.3200

| DATE:<br>*(Fecha)* JUN 2 4 2005 | Clerk, by<br>*(Secretario)* Clark Sakai | , Deputy<br>*(Adjunto)* |
|---|---|---|

KIRI TORRE
CHIEF EXECUTIVE OFFICER/CLERK

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: BOSTON SCIENTIFIC CORPORATION
   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Pillos Joselito



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

KTR / ALL
**Transmittal Number: 4083856**
**Date Processed: 07/18/2005**

| | |
|---|---|
| **Primary Contact:** | Paul W Sandman<br>Boston Scientific Corporation<br>1 Boston Scientific Place<br>Legal Dept. C15<br>Natick, MA 017601537 |
| **Copy of transmittal only sent to:** | Ms. Nona Hurd |

RECEIVED
JUL 1 9 2005
PAUL W. SANDMAN

| | |
|---|---|
| **Entity:** | Boston Scientific Corporation<br>Entity ID Number 1855513 |
| **Entity Served:** | Boston Scientific Corporation |
| **Title of Action:** | Joselito P. Pillos vs. Boston Scientific Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court:** | Santa Clara County Superior Court , California |
| **Case Number:** | 105CV043845 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/18/2005 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney :** | Robert G. Jackson<br>650-992-3200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# EXHIBIT C

AUG-15-2005(MON) 00:15   Legal One              (FAX)1 408 000 0000        P.003/003
AUG 15 2005 10:18 FR MORGAN LEWIS     650 8434001 TO 15366#0605680011 P.02

ENDORSED
FILED

AUG 15 2005

KIRI JORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY_____ DEPUTY
Sara Bafrer

1  CECILY A. WATERMAN, State Bar No. 63502
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Tel:  415.442.1000
   Fax:  415.442.1001
4
5  ALEXANDER NESTOR, State Bar No. 202795
   MORGAN, LEWIS & BOCKIUS LLP
6  2 Palo Alto Square
   3000 El Camino Real, Suite 700
7  Palo Alto, CA  94306-2212
   Tel:  650.843.4000
   Fax:  650.843.4001
8
   Attorneys for Defendant
9  BOSTON SCIENTIFIC CORPORATION

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SANTA CLARA

12

13  JOSELITO P. PILLOS,

14              Plaintiff,                    Case No. 1-05-CV-043845

15          vs.                              DEFENDANT BOSTON SCIENTIFIC
                                             CORPORATION'S ANSWER TO
16  BOSTON SCIENTIFIC CORPORATION,           PLAINTIFF'S UNVERIFIED COMPLAINT
    and DOES 1 through 20, inclusive,
17                                           Complaint filed:  June 24, 2005
              Defendants.                    Trial Date:  None Set
18

19                                           **BY FAX**

20          Defendant Boston Scientific Corporation (hereinafter "Defendant") hereby answers the

21  unverified Complaint of Plaintiff Joselito P. Pillos ("Plaintiff") as follows:  pursuant to California

22  Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and

23  every allegation of the Complaint, and each and every cause of action contained therein, and

24  denies that Plaintiff has been damaged in any sum whatsoever or that they have been damaged by

25  any act or omission of Defendant, its agents, representatives, and/or employees.  Defendant

26  further alleges the following separate and independent affirmative defenses to each cause of

27  action in Plaintiff's Complaint:

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553218.1                              1                        Case No. 1-05-CV-043845

            DEFENDANT BOSTON SCIENTIFIC'S ANSWER TO UNVERIFIED COMPLAINT

10715204.W - 8/15/2005 10:18:40 AM

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense to Plaintiff's Complaint and to each and every cause of action therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations: FEHA Claims)

As a separate and affirmative defense to Plaintiff's Complaint and to the first cause of action contained therein, Defendant alleges that Plaintiff's cause of action is barred in whole or in part by the applicable statutes of limitation, including, but not limited to, California Government Code Sections 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations: Common Law Claims)

As a separate and affirmative defense to Plaintiff's Complaint and to the second purported cause of action contained therein, Defendant alleges that Plaintiff's common law cause of action is barred by the statute of limitations set forth in California Code of Civil Procedure Section 335.1.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that each of Plaintiff's causes of action are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that each of Plaintiff's causes of action are barred by the doctrine of waiver.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553218.1                                    2                    Case No. 1-05-CV-043845

DEFENDANT BOSTON SCIENTIFIC'S ANSWER TO UNVERIFIED COMPLAINT

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Estoppel)

3    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

4    of action contained therein, Defendant alleges that each of Plaintiff's causes of action are barred

5    by the doctrine of estoppel.

6

## SEVENTH AFFIRMATIVE DEFENSE

7

(Motivating Factor)

8    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

9    of action contained therein, Defendant alleges that, to the extent discrimination was a motivating

10   factor in Plaintiff's alleged adverse employment actions (which Defendant denies), Defendant's

11   legitimate reasons, standing alone, would have induced Defendant to make the same employment

12   decisions.

13

## EIGHTH AFFIRMATIVE DEFENSE

14

(Same Action Regardless of Motivation)

15   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

16   of action contained therein, Defendant alleges that it would have taken the same actions towards

17   Plaintiff in the absence of any alleged impermissible motivating factor (the existence of which

18   such factor Defendant denies).

19

## NINTH AFFIRMATIVE DEFENSE

20

(Workers' Compensation Preemption)

21   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

22   of action contained therein, Defendant alleges that, to the extent Plaintiff seeks recovery on

23   account of physical, mental and emotional pain and suffering, then his exclusive remedy for such

24   damages is under California Workers' Compensation Act (California Labor Code sections 3200,

25   *et seq.*)

26

## TENTH AFFIRMATIVE DEFENSE

27

(Absence of Malice)

28   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553218.1                          3                    Case No. 1-05-CV-043845

DEFENDANT BOSTON SCIENTIFIC'S ANSWER TO UNVERIFIED COMPLAINT

1   of action contained therein, Defendant alleges that at all times and places alleged in the

2   Complaint, Defendant acted without malice and with a good faith belief in the propriety of its

3   conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

6   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

7   of action contained therein, Defendant alleges that it exercised reasonable care to prevent and

8   correct promptly any discriminatory and/or harassing conduct, Plaintiff unreasonably failed to

9   take advantage of the preventative and corrective opportunities provided by Defendant or

10  otherwise to avoid harm, and that reasonable use of Defendant's internal procedures and remedies

11  would have prevented some, if not all, of Plaintiff's claimed damages from occurring.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure To Take Advantage Of Preventative Measures)

14  As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

15  of action contained therein, Defendant alleges that Plaintiff's causes of action are barred, in whole

16  or in part, by his unreasonable failure to take advantage of preventative and corrective

17  opportunities provided by Defendant, including, but not limited to, Defendant's non-

18  discrimination policies, and to otherwise avoid harm as that expression is used in the United

19  States Supreme Court decisions in *Burlington Industries, Inc. v Ellerth*, 118 S.Ct. 2257 (1998)

20  and *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998).

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

23  As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

24  of action contained therein, Defendant alleges that Plaintiff's causes of action are barred because

25  he has failed to exhaust applicable internal, administrative and/or contractual remedies prior to

26  commencing this litigation, and/or has otherwise failed to comply with all of the statutory

27  prerequisites to maintaining this action, including but not limited to, the requirements of

28  California Government Code Sections 12960 and 12965.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553218.1                                    4                        Case No. 1-05-CV-043845

DEFENDANT BOSTON SCIENTIFIC'S ANSWER TO UNVERIFIED COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith – Business Necessity)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that all of Defendant's actions affecting the terms and conditions of Plaintiff's employment were done in good faith and motivated by non-retaliatory, and non-discriminatory reasons and/or a business necessity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Management Discretion)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that its conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff's claims for punitive damages are barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eight Amendment) of the United States Constitution or the corresponding provisions of the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Claim for Punitive Damages)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that the allegations of each cause of action, whether considered singly or in any combination, fail to state facts sufficient to state a claim for which punitive damages might be granted.

/ / /

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553218.1                                     5                        Case No. 1-05-CV-043845

DEFENDANT BOSTON SCIENTIFIC'S ANSWER TO UNVERIFIED COMPLAINT

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate Damages)

3      As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

4   of action contained therein, Defendant alleges that Plaintiff is barred from any recovery in this

5   action because he has failed to act reasonably to mitigate his alleged damages, if any.

6

## NINETEENTH AFFIRMATIVE DEFENSE

7

### (After-Acquired Evidence)

8      As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause

9   of action contained therein, Defendant alleges that, to the extent during the course of this

10   litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would

11   have materially affected the terms and conditions of Plaintiff's employment or would have

12   resulted in Plaintiff either being demoted, disciplined, or terminated, such after acquired evidence

13   shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

14      WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

15      1.      That Plaintiff take nothing by virtue of his Complaint in this action and that the

16   Complaint be dismissed with prejudice;

17      2.      That judgment be entered in favor of Defendant;

18      3.      For Defendant's costs of suit incurred herein;

19      4.      For reimbursement of Defendant's reasonable attorneys' fees, as allowable by law;

20   and

21      5.      For such other and further relief as this Court may deem just and proper.

22   Dated: August 15, 2005                    MORGAN, LEWIS & BOCKIUS LLP

23

24

25      By _____

26      Alexander Nestor
        Attorneys for Defendant
        BOSTON SCIENTIFIC CORPORATION

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553218.1                          6                     Case No. 1-05-CV-043845

DEFENDANT BOSTON SCIENTIFIC'S ANSWER TO UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2

3

     I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, California  94306-2212.

4

     On August 15, 2005, I served the within document(s):

5

**DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

6

7

   ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

9

   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

10

11

12

Robert G. Jackson, Esq.
Howard, Lytle, Mah & Jackson
2171 Junipero Serra Blvd., Suite 410
Daly City, CA 94014
Tel: 650.992.3200
Fax: 650.994.8193

13

14

15

16

17

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

     Executed on August 15, 2005, at Palo Alto, California.

20

21

     I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

22

23

24

Richard Jackson III

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555589.1

PROOF OF SERVICE
Case No. 1-05-CV-043845

# EXHIBIT D

1  CECILY A. WATERMAN, State Bar No. 63502
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Tel:  415.442.1000
   Fax:  415.442.1001
4  E-mail: cwaterman@morganlewis.com

5  ALEXANDER NESTOR, State Bar No. 202795
   MORGAN, LEWIS & BOCKIUS LLP
6  2 Palo Alto Square
   3000 El Camino Real, Suite 700
7  Palo Alto, CA  94306-2212
   Tel:  650.843.4000
8  Fax:  650.843.4001
   E-mail: anestor@morganlewis.com
9
   Attorneys for Defendant
10 BOSTON SCIENTIFIC CORPORATION

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14 JOSELITO P. PILLOS,                    Case No. _____

15            Plaintiff,                  **DECLARATION OF ALEXANDER
                                          NESTOR IN SUPPORT OF DEFENDANT
16      vs.                               BOSTON SCIENTIFIC CORPORATION'S
                                          NOTICE OF REMOVAL**
17 BOSTON SCIENTIFIC CORPORATION,
   and DOES 1 through 20, inclusive,
18
19            Defendants.

20

21      I, Alexander Nestor, declare and state as follows:

22      1.      I am an attorney at the law firm of Morgan, Lewis & Bockius LLP, attorneys of

23 record for Defendant Boston Scientific Corporation ("Defendant").  I am licensed to practice law

24 before all of the Courts for the State of California, and the Northern District of California.  I have

25 direct and personal knowledge of the facts set forth in my Declaration and, if called and sworn as

26 a witness, I would competently testify to these facts.

27      2.      I have researched statistical data regarding recent jury awards for civil rights

28 complaints filed in the United States District Courts.  Based on my research, the most recent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553202.1                                    1
DECLARATION OF ALEXANDER NESTOR IN SUPPORT OF DEFENDANT BOSTON SCIENTIFIC
CORPORATION'S NOTICE OF REMOVAL

1   publication by the Bureau of Justice Statistics reported that the median award for plaintiffs in civil

2   rights complaints terminated by trial in 2000 was $155,000, Exhibit 1 hereto at page 2.

3        Executed this 15th day of August 2005, at Palo Alto, California.

4

5   _____

6                Alexander Nestor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3553202.1

2

DECLARATION OF ALEXANDER NESTOR IN SUPPORT OF DEFENDANT BOSTON SCIENTIFIC
CORPORATION'S NOTICE OF REMOVAL

# EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs

## Bureau of Justice Statistics
# Civil Justice Data Brief

*Federal Justice Statistics Program*

July 2002, NCJ 193979

# Civil Rights Complaints in U.S. District Courts, 2000

In 2000 plaintiffs filed over 259,000 civil complaints in U.S. district courts. About 41,000 of these complaints involved a civil rights-related issue such as discrimination in employment, housing, welfare benefits, or voting rights. The number of civil rights-related cases declined to 40,908 after reaching a high of 43,278 in 1997.

The decline in the number of civil rights complaints was due largely to employment civil rights complaints that dropped 12% from 23,796 in 1997 to 21,032 in 2000. By contrast, the number of other types of civil rights complaints increased from 1998 to 2000: housing from 838 to 1,284, voting from 106 to 167, and welfare from 66 to 80 filings.

In 2000 a jury disposed of 80% of the 1,652 civil rights complaints terminated by trial verdict; a judge, 17%; and a directed verdict, about 4%. This continues the upward trend in the use of jury trials over the decade. On average, civil rights related complaints went from filing to disposition by trial verdict in about 14 months during 2000. Half the complaints were disposed of in 11 months or less.

The number of civil rights related complaints filed in U.S. courts of appeal fell to 7,952 in 2000 from a high of 8,466 in 1998. Civil rights related appeals accounted for about 22% of all civil cases filed in U.S. courts of appeal.

## Jurisdiction of civil rights complaints

Most (90%) civil rights complaints filed in U.S. district court continued to involve only private parties rather than the Federal Government. Private suits, however, declined 6% from a high of 40,361 in 1997 to 37,888 in 2000, while employment complaints in which the U.S. Government was the defendant rose 8% from 1,241 in 1997 to 1,362 in 2000.

These statistics, prepared by Marika F.X. Litras, Ph.D., update those in previous reports. Visit http://www.ojp.usdoj.gov/bjs for the most recent and complete statistics.



**Number of civil rights complaints as a portion of all civil cases filed in U.S. district courts, 1990-2000**

Types of civil rights complaints filed in U.S. district courts, 1990-2000

| Year | Total | Type of civil rights complaints[a] | | | | |
|------|-------|------------|--------|---------|---------|--------|
| | | Employment | Voting | Housing | Welfare | Other[b] |
| 1990 | 18,914 | 8,272 | 140 | 367 | 135 | 10,000 |
| 1991 | 19,892 | 8,370 | 247 | 452 | 130 | 10,693 |
| 1992 | 24,239 | 10,771 | 494 | 527 | 125 | 12,316 |
| 1993 | 27,655 | 12,982 | 213 | 590 | 114 | 13,776 |
| 1994 | 32,622 | 15,965 | 224 | 730 | 122 | 15,581 |
| 1995 | 36,000 | 19,059 | 206 | 735 | 116 | 16,482 |
| 1996 | 42,007 | 23,152 | 229 | 932 | 83 | 17,611 |
| 1997 | 43,278 | 23,796 | 141 | 854 | 91 | 18,396 |
| 1998 | 42,354 | 23,735 | 106 | 838 | 66 | 17,510 |
| 1999 | 41,304 | 22,490 | 102 | 1,198 | 63 | 17,513 |
| 2000 | 40,908 | 21,032 | 167 | 1,284 | 80 | 18,345 |

[a]Excludes prisoner petitions.
[b]Specific types of civil rights cases within the "other" category cannot be distinguished.
Source: *Annual Report of the Director.* Washington, D.C.: Administrative Office of the United States Courts (table C-2).

**Plaintiff winners and awards in civil rights complaints terminated by trial in U.S. district courts, 1990-2000**

| Year | Number of cases terminated by trial verdict | Total number | Percent awards | Number with monetary awards | Median | Less than $500,000 | $1 million or more | $10 million or more |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| 1990 | 1,384 | 384 | 27.7% | 317 | $184,000 | 56.9% | 38.4% | 1.3% |
| 1991 | 1,351 | 380 | 28.1 | 323 | 173,000 | 61.6 | 36.2 | 1.5 |
| 1992 | 1,838 | 568 | 30.9 | 451 | 100,000 | 67.3 | 27.4 | 4.4 |
| 1993 | 1,549 | 418 | 27.0 | 349 | 62,000 | 81.1 | 14.0 | 4.0 |
| 1994 | 1,793 | 513 | 28.6 | 424 | 75,000 | 84.7 | 9.9 | 5.4 |
| 1995 | 1,799 | 470 | 26.1 | 363 | 100,000 | 80.7 | 13.9 | 5.4 |
| 1996 | 1,979 | 602 | 30.4 | 488 | 100,000 | 77.9 | 13.5 | 8.6 |
| 1997 | 1,974 | 624 | 31.6 | 495 | 110,000 | 77.6 | 15.5 | 9.8 |
| 1998 | 1,954 | 585 | 29.9 | 447 | 125,000 | 76.3 | 15.6 | 9.7 |
| 1999 | 1,801 | 574 | 31.9 | 464 | 130,000 | 80.4 | 14.3 | 8.9 |
| 2000 | 1,652 | 545 | 33.0 | 416 | 155,500 | 77.9 | 14.2 | 6.4 |
| | | | | | | | 13.7 | 7.7 |

*Number of trial cases disposed for which a judgment was known. Includes jury trials, bench trials, and directed verdicts.
Source: Administrative Office of the U.S. Courts, Civil Master File, annual.

In 2000 the percentage of plaintiff winners from jury and bench trials converged at 34%: the percentage of plaintiff winners in bench trials rose from a low of 19% in 1995 and the percentage in jury trials fell from a high of 39% in 1992

Plaintiff winners as percent of civil rights trials



**Continued increase in out-of-court settlements**

While out-of-court settlements rose from 35% of civil rights complaints disposed of in 1998 to 38% in 2000, trial verdicts continued a decline from 5% to 4%.

**Plaintiff winners and awards**

Plaintiffs won 34% of civil rights complaints in 2000 regardless of the type of trial.  Of the 545 plaintiffs who won their trials, 416 or 76% were awarded monetary damages. Half of these awards were in amounts of $155,500 or less.